74 A.3d 1027

**David BRUNO and Angela Bruno, Husband and Wife and Anthony Gotti Bruno and McKayla Marie Blake, by their Parents and Legal Guardians, David Bruno and Angela Bruno, Petitioners**

v.

**ERIE INSURANCE COMPANY, Rudick Forensic Engineering, Inc., Theresa Pitcher and Marc Pitcher, Respondents.**

Supreme Court of Pennsylvania.

Sept. 11, 2013.

*ORDER*

PER CURIAM.

**AND NOW,** this 11th day of September, 2013, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by petitioner, are:

1. Does the "gist of the action" doctrine bar recovery on the Brunos' negligence claim against Erie Insurance Company ("Erie" or "Insurer") where their claim was not based on the underlying insurance contract or Erie's obligations thereunder, but instead upon independent, affirmative, and gratuitous acts and omissions of the Insurer and its expert agent/contractor when they summarily and without analysis or testing told Mr. Bruno that the mold infestation in the home was not dangerous and described the dangers of mold as a media exaggeration?

2. In promulgating Rule 1042.1 et. seq. of the Pennsylvania Rules of Civil Procedure, did this Honorable Court, by the plain language used, require that only patients or clients of a negligent professional be obligated to file a Certificate of Merit, and was it therefore error for the Courts below to dismiss the Brunos' professional negligence claim against Defendant, Rudick Forensic Engineering, Inc. ("Rudick" or "Contractor"), because they were neither patients nor clients of Rudick?